Harold E. Levine and Carol C. Levine v. Commissioner.
Levine v. Commissioner
Docket No. 639-66.
United States Tax Court
T.C. Memo 1967-114; 1967 Tax Ct. Memo LEXIS 146; 26 T.C.M. (CCH) 531; T.C.M. (RIA) 67114; May 22, 1967
Lawrence C. Zalcman, 84 State St., Boston, Mass., for the petitioners. Rufus E. Stetson, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1963 in the amount of $427.41 and asserts an addition to the tax under section 6653(a) [1] in the amount of $21.37. The issues involved are: (1) Did a decree entered in 1965 retroactively modify a divorce decree entered in 1961 so that payments received by petitioner in 1963 constituted nontaxable child support instead of taxable alimony? (2) If not, was any part of petitioners' underpayment of tax for 1963 due to negligence or intentional disregard of rules and regulations? *147 Findings of Fact Harold E. Levine and Carol C. Levine, the petitioners herein, are husband and wife and had their legal residence in Newton Centre, Massachusetts, at the time of filing the petition herein. They filed their joint Federal income tax return for the taxable year 1963 with the district director of internal revenue for the district of Massachusetts. Any reference to "petitioner" shall be to Carol, Harold being a party to these proceedings solely by reason of having filed the joint return. Prior to June 19, 1961, petitioner and Richard H. Rubin had been married. On that date Judge Monahan of the Probate Court of the County of Middlesex, Massachusetts, entered a decree of divorce between petitioner and Richard providing in part: it appearing to the Court that the parties having agreed thereto, it is further decreed that said libellant have the care and custody of Michael D. Rubin and Marion J. Rubin, their minor children; said libellee pay to said libellant as alimony and for the maintenance of said children, the sum of thirty dollars each Saturday hereafter, beginning June 24, 1961; and that said libellee and his parents have the right and opportunity to see and visit *148 said children at reasonable times and in a reasonable manner. On June 30, 1965, based upon a request of petitioner "For Modification of Decree Dated June 19, 1961," Judge Leggat, of the same Probate Court, entered a decree "as of June 19, 1961," which provided: It is decreed that said decree dated June 19, 1961, be so modified by striking out the words, "as alimony and", and that the order shall read that said libellee pay to said libellant for the maintenance of their minor children, the sum of thirty dollars each Saturday hereafter beginning June 24, 1961, and except as herein modified said decree be affirmed. During the taxable year 1963, Richard paid the sum of $1,560 to the petitioner pursuant to the divorce decree. Petitioners did not report any part thereof as income for that year. The failure of petitioners to include in income any part of said $1,560 was not due to negligence or intentional disregard of rules and regulations. Opinion If the unmodified decree of June 19, 1961 controls, the payments received by petitioner in 1963 are includable in her gross income as alimony under section 71. . On the other *149 hand, if we give retroactive effect to the 1965 decree, the payments constitute nontaxable child support. Petitioner asserts that the 1965 decree falls within the category of a correction "merely designed to make the previous decree speak what the judge intended to say" and that therefore our decision is controlled by . We think that case is clearly distinguishable. In Johnson, we had before us the transcript of the trial before the judge who granted the original decree which clearly showed that such decree "did not correctly state the divorce court's determination at the time of entry." See . Thus, the test is whether the original decree correctly reflected the intention of the court at that time. ; ; compare ; , where the same local judge granted both the original decree and the modification thereof and where his testimony as to the court's original intentions was part of the record; , *150 where the same judge also granted both decrees and the modification recited on its face that the original decree did not reflect what the court at that time contemplated. [2]
Petitioner relies exclusively on the fact that the 1965 decree specified "as of June 19, 1961" and on vague and unconvincing testimony of the lawyer who represented her in the original proceeding. Moreover, his testimony merely indicates that the parties contemplated that the payments would be for child support and that the local judge may in a general way have been so advised. Petitioner's props are insufficient. Accordingly, we find that the payments under the 1961 decree were alimony. As to the addition to the tax asserted by respondent under section 6653(a), the ultimate resolution of the principal issue in this case was of sufficient doubt that petitioners acted in good faith. Accordingly, we have found that no part of petitioners' deficiency was due to negligence or intentional disregard of the rules and regulations. *151 Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. We note that the 1961 and 1965 decrees involved herein were granted by different judges. Whether such was the case in Gloria P. Johnson is not revealed by the record therein.↩